UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YAH KAI WORLD WIDE ENTERPRISES, INC.,** *et al.*,<br><br>           Plaintiffs,<br><br>     v.<br><br>**GEOFFERY NAPPER,** *et al.*,<br><br>           Defendants. | Case No. 1:20-cv-00451 (TNM) |

### MEMORANDUM ORDER

As his alleged creditors, Yah Kai World Enterprises and Prince Immanuel Ben Yehuda ("Plaintiffs") seek funds from Geoffrey Napper, Sr. and his relatives, as well as ask the Court to appoint a receiver to take charge over contested entities. Am Compl. at 12–16, ECF No. 56.[1] Most of the Defendants move to dismiss, asserting that the Court lacks jurisdiction over this matter and that, alternatively, the claims are time-barred. Defs.' Mot. to Dismiss Am. Compl. ("Mot.") at 1, ECF No. 58. The Court holds that it has jurisdiction over this mine-run fraudulent transfer case, so it will deny the motion.

### I.

Plaintiffs secured a $2,598,849 judgment against Geoffrey Napper, Sr. ("Napper, Sr.") in 2018. *Yah Kai World Wide Enterprises, Inc. v. Napper*, 292 F. Supp. 3d 337, 375 (D.D.C. 2018).[2] Soon after, Napper Sr. transferred assets and business interests to his mother, Hyacinthe

---

[1] All page citations refer to the pagination generated by the Court's CM/ECF system and all exhibit numbers refer to the numbered attachments to the CM/ECF filings.

[2] Although it declines to repeat all of them here, the Court incorporates by reference the findings of fact and conclusions of law from that case. *See Yah Kai World Wide Enterprises, Inc. v. Napper*, No. 11–cv–02174–KBJ (D.D.C.).

Napper.[3]  Am. Compl. at 8–10.  He also helped create the Hyacinthe Napper Living Trust ("the Trust"), installing himself as the trustee.  *Id.* at 9–10.  Napper Sr. and other family members transferred personal assets to the Trust, which lists Napper Sr.'s five children (all defendants in this case) as its beneficiaries:  Geoffrey Napper, Jr, Roneeyah Napper, Ahniyah Napper, Baruch Ha Salem Napper, and Kahlilah Napper.  *Id.*  Shortly before her death in May 2019, Hyacinthe Napper transferred to the Trust her ownership interests in Fair and Balanced, LLC, a Maryland corporation that is also a defendant here.  *Id.* at 4, 11.

In June 2019, Napper Sr. opened as a small estate in Prince George's County, Maryland, the estate of Hyacinthe T. Napper ("the Estate"), whose assets are separate from the Trust.  *Id.* at 12.  Napper Sr. serves the personal representative of the Estate and filed with the register of wills the purported Pour-Over Will of Hyacinthe Napper.  *See* Mot. Ex. 3, ECF No. 58-3.

Plaintiffs have sued Napper Sr., his five children, Fair and Balanced LLC, the Trust, and the Estate (collectively, "Defendants").  Compl., ECF No. 1.  They allege that Defendants have engaged in a multi-faceted scheme to shield assets from the judgment Plaintiffs won against Napper Sr.  *See* Am. Compl. at 2–3.  They seek damages, injunctive relief, and the appointment of a receiver for Fair and Balanced, LLC and the Trust.  *Id.* at 15–16.  Except for Defendant Fair and Balanced, LLC—which answered, *see* ECF No. 57—Defendants jointly move to dismiss the complaint with prejudice.  Mot. at 1–2.  The motion is ripe.

## II.

Federal courts must always have subject matter jurisdiction over a case to decide it.  *Bancoult v. McNamara*, 445 F.3d 427, 432 (D.C. Cir. 2006).  Plaintiffs bear the burden of

---

[3]  In assessing this motion to dismiss, the Court must assume the truth of all the factual allegations.  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

establishing this jurisdiction by the preponderance of the evidence.  *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  But when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court must "assume the truth of all material factual allegations" and "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up).  The Court can also consider "materials outside the pleadings as it deems appropriate" to resolve questions over jurisdiction.  *Grand Lodge of Frat'l Ord. of Police*, 185 F. Supp. 2d at 14.

### III.

Defendants label this matter a probate dispute.  *See* Mot. Ex. 1 ("Defs.' Mem.") at 8–9, ECF No. 58-1.  So they contend that the Court lacks jurisdiction under the "probate exception," which reserves such matters to state courts.  *See Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).  As Defendants acknowledge, however, the exception is narrow.  It (1) "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate," and (2) "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."  *Id.*  "The probate exception does not apply to claims that merely impact a state court's performance of one of [its probate] tasks; rather, it applies only where a case actually requires a federal court to perform one of [those] specifically enumerated acts."  *Kennedy-Jarvis v. Wells*, 113 F. Supp. 3d 144, 151 (D.D.C. 2015) (cleaned up).

Defendants' attempts to characterize this case as a probate dispute rely on mischaracterizing the relief sought.  Plaintiffs do not ask the Court to sit in probate by administering the Estate or disposing of assets in the care of the Maryland probate court.  Rather, along with appointing a receiver for the Trust and Fair & Balanced, LLC, Plaintiffs ask the Court

3

to determine if assets were fraudulently conveyed to the Estate. See Am. Compl. at 15–16. This does not defy the probate exception, as the Court can "determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, so long as the federal court does not *interfere with the probate proceedings*." *Marshall*, 547 U.S. at 311 (cleaned up) (emphasis in original). The Court can grant relief here without interfering with the Maryland probate proceedings.

Defendants also misread Maryland law in arguing that Plaintiffs' claims are improper. In *Barter Sys., Inc. v. Rosner*, a creditor of an estate tried to obtain a judgment for fraudulent conveyance and place a levy on a condominium that it alleged had been fraudulently transferred before the decedent's death. 64 Md. App. 255, 258–60 (Md. App. 1985). The court held that the creditor could not sue and secure ownership over the disputed property for itself only, thereby "circumvent[ing]" the probate process. *Id.* at 268. Instead, if the fraudulent conveyance claim succeeded, the property must "be returned to the estate" where the creditor could "stand in line along with the other" creditors of the estate. *Id.* Those are not the circumstances here, as Plaintiffs are not creditors of Hyacinthe Napper or the Estate, and they do not seek to "improve [their] position vis-à-vis similarly classed creditors," as in *Barter Systems*. *Id.* at 265. Indeed, their claim that Napper Sr. fraudulently conveyed property *to* the Estate is largely the opposite.

As for the statute-of-limitations argument, Defendants cite portions of the Maryland Trust Act to contend that Plaintiffs' claims are too late. See Defs.' Mem. at 12–21. The various provisions of the Maryland Code cited by Defendants apply to actions by creditors of a trust or an estate challenging its validity or distribution. *See, e.g.*, MD Est & Trusts Code § 8-103(a). But again, the claims here do not rely on Maryland probate law. Plaintiffs seek relief under

D.C.'s fraudulent transfer statutes.  *See* Am. Compl. at 12–16.  This not a probate case, and the statutes of limitations cited by Defendants do not apply.

**IV.**

For these reasons, it is hereby

**ORDERED** that the [58] Motion to Dismiss is DENIED.

**SO ORDERED.**

Dated: April 21, 2021

TREVOR N. McFADDEN, U.S.D.J